I consider the law as settled and established, that the lessor can recover, by action of debt or covenant, against the lessee, all the rent incurred and become due antecedent to his entry to defeat the estate of the lessee under the covenant or clause of re-entry; that the law in this respect is founded in justice, and cannot nor ought to be shaken.

The *dictum* of judge *Fairfax* has honesty and fair dealing for its basis, and must accord with every man's sense of justice. It has been adopted and recognized by the sages of the law, and incorporated in our code or system of jurisprudence, as the law of the land. *Fitzherbert, Lord Cooke, Rolle, Viner* and *Bacon,* have sanctioned it with their approbation. 3 *Com.* 362. 19 *Henry VI.* 42. *Fitzh.* 277.

I know of no decision nor *scintilla juris* against it, nor is there any rule or principle of law which interposes as an impediment or bar to the recovery of the rent due before the entry of the lessor.

THE DEMURRERS ruled good, and *judgment* entered for the plaintiff for 315*l.* current money, debt, 147*l.* current money damages, and costs. The defendant appealed to the Court of Appeals—but the Appellant dying, the case *abated* in June 1799.

---

## GENERAL COURT, MAY TERM, 1798.

### WEEMS's Lessee *vs.* DISNEY.

EJECTMENT for the following tracts of land, to wit: *Dinah Ford's Beaver Dam, Ford's Folly, Hillington,* and *Loch Eden,* all lying in Anne-Arundel county. Defence taken on warrant, and *non cul.* pleaded. Plots were made and returned.

### BILLS OF EXCEPTIONS.

1. In the trial of this cause the defendant, by his counsel, produced and offered to swear a witness to the jury, to prove that the surveyor of Anne-Arundel county run a certain line or lines of *Dinah Ford's Beaver Dam,* and that the father of the lessor of the plaintiff, and under whom the plaintiff claims on such lines, made certain declarations as to the boundaries or termination thereof; and because the witness stated that the same running

---

The demand of rent must be proved notwithstanding the confession of lease, entry and ouster.—2 *Raym.* 751 *(margin.) Dougl.* 469.

The opinion of Lord *Mansfield* that the 2d section of the statute of 4 *George II. c* 28, is very confused and meant only to provide a remedy in cases of vacant possession.—*Doug.* 469.

was at the time of the execution of a commission from Anne-Arundel county court, it was objected on the part of the plaintiff that no such evidence was admissible, unless the defendant produced the said commission.

THE COURT, Chase J. (a) was of opinion, that the testimony was legal and proper, and ought to go to the jury. The plaintiff excepted to this opinion.

2. The defendant, by his counsel, produced the original depositions annexed to an original commission, taken out of Anne-Arundel county court by the defendant, and by him returned to the said court annexed to the said commission, and there recorded; which said commission issued on the 7th of February 1791, in virtue of the act, entitled, "An act for marking and bounding lands," passed at November session 1786, on the petition of James Disney for the marking and bounding two tracts of land in the said county, to wit: One tract originally called Hillington but now The Golden Valley, and the other, part of a tract called Pascal's Chance. The said commission was directed to Joseph Galloway, John Thomas, Richard Harwood, junior, Thomas Tillard, and Samuel Harrison. After the oaths required by law were duly administered to the commissioners, as certified on the commission by the justice, &c. who administered them, the following return was made by the commissioners, viz. "Whereas, by a commission granted captain James Disney, by the worshipful justices of Anne-Arundel county court, for the purpose of marking and bounding two tracts of land situate in the said county, one called Pascal's Chance, the other called Hillington, or The Golden Valley, Joseph Galloway, John Thomas, Richard Harwood, junior, Thomas Tillard, and Samuel Harrison, were nominated and appointed commissioners to adjust and settle the location thereof. We the subscribers, being duly qualified in the words of the act of assembly, and agreeable to the annexed commission having given the necessary previous notice prescribed and directed by the said act of assembly, of the appointed time for our meeting on the said lands, and having adjourned from time to time, until the 11th day of April 1791, for the purpose of procuring all such testimony as should be produced to us, and having reduced the same to writing, do make our return as follows, to wit: Beginning for Hillington or The Golden Valley, where originally stood a bounded pock hickory, being the third boundary of a tract of land, formerly granted to a certain Thomas Ford, called Dyanah Ford's Beaver Dams

(a) Goldsborough Ch. J. absent, and Duvall, J. having been concerned as counsel gave no opinion.

MAY 1798

Weems's lessee
vs.
Disney.

and now in possession of *John Weems*, esquire, of Calvert county, and where we have, by agreement and consent of the said *John Weems* and captain *James Disney,* parties to the two tracts of land aforesaid, this day planted a stone to the eastward of the Beaver Dam Branch, and near a large and ancient white oak, and a few yards to the eastward thereof on the side of a hill running from thence," &c. "which said location, courses, metes and bounds, we have impartially and upon due consideration established as most agreeable to the original location thereof; and we do return to the worshipful court the depositions and the commission aforesaid hereunto annexed. As witness our hands and seals this 25th day of April 1791." [*Signed and sealed by the five commissioners.*] Then follow the depositions annexed to the commission and return.

The defendant then proved by a witness, *Thomas Tillard,* that the aforesaid depositions were by him the said witness, truly written down from the declarations of the several witnesses, whose depositions are thereby purported to be taken; and that the said depositions were sworn to by the said witnesses, before *Richard Harwood,* a justice of the peace for Anne-Arundel county, duly commissioned and sworn, which was proved by the said *Harwood;* and that *John Weems,* father of the lessor of the plaintiff, and under whom he makes title, was present. The defendant offered to read to the jury, the depositions aforesaid of such of the said witnesses as were dead, as testimony admissible to prove the boundaries of *Hillington* and *Dinah Ford's Beaver Dam,* without producing or reading the commission or the proceedings thereon.

THE COURT, (*Chase,* J.) was of opinion, that the depositions were evidence as the declarations or hearsay of persons not now living.

The depositions of *Joseph Crandel, Thomas Crandel* and *Benjamin Baitee Sherbut,* who were proved to be dead, were accordingly, for the purpose aforesaid, read to the jury. The plaintiff excepted.

3. The defendant by his counsel, brought into court the original depositions which had been annexed to an original commission issued out of Anne-Arundel county court, at the instance of the defendant, to mark and bound a tract of land called *Hillington,* for which land the defendant hath taken defence in this cause; and also brought into the court-house, and had in his possession, the aforesaid original commission, but did not offer to read the same; and which commission and depositions taken thereon, were recorded among the land records of

Anne-Arundel county, being the same as is stated in the preceding bill of exceptions. In the return upon which commission, is stated and set forth an agreement, entered into between the defendant and *John Weems*, under whom the plaintiff claims, establishing and fixing the bounds and locations of the said land called *Hillington.* And the said commission and return being so brought into court, the plaintiff, by his counsel, offered to read the said commission and return in evidence to the jury, to prove the agreement and admission of the said defendant as to the location of the said land; to which the defendant, by his counsel, objected, because the said commissioners, by whom the said return was made, were living, and two of them attending as witnesses in court on the trial of the issue in this cause; and because the said return was defective in not shewing the manner in which the commissioners had given the notice required by law to authorise their proceedings.

THE COURT, *(Chase, J.)* was of opinion, that the said commission, and the proceedings thereon, were inadmissible for the said purpose, and refused to let the same be read in evidence to the jury. The plaintiff excepted.

*Key, Mason* and *Shaaff,* for the plaintiff.

*Martin,* (Attorny General,) *Winchester, Johnson* and *Wilmer,* for the defendant.

VERDICT and judgment for the defendant. The plaintiff appealed to the Court of Appeals—but an agreement having taken place between the parties, the judgment was *affirmed by consent.*

---

## GENERAL COURT, MAY TERM, 1798.

### ANONYMOUS.

THE question was, whether a bond, note, bill of exchange, &c. is sufficient to hold the defendant to bail without an affidavit of the debt.

CHASE, J. It appears to me, that the statute of 12 *George II. c* 29, (1725,) does not relate to the question before the court.

The question is as to the evidence the court will require of the cause of action to induce them to rule the defendant to give special bail.

The statute of *George* relates to arrests, and provides what shall be done previous to the arrest.

If the cause of action amounts to 10*l.* in the superior, or 40*s.* in the inferior court, affidavit shall be made and